Del Moral v. Northern Assurance Co.

# FRANCISCO DEL MORAL

*v.*

# NORTHERN ASSURANCE CO., LIMITED.

San Juan, Law, No. 1499.

CONTINUANCE.

Practice—Absence of Witness—Use of Previous Testimony.

    1. Where the parties to a cause triable by jury have agreed upon a date for trial, and one of the important witnesses for the party seeking an adjournment of trial is absent in Europe, and his leave of absence has been extended, such witness being an official, the motion for adjournment must be denied when the opposing party consents to the use before the jury of all or any part of the testimony of such absent witness as has been given during previous trials.

Practice—Consent in Court Carefully Regarded.

    2. While the rules of practice created by the local statutes of Porto Rico are not necessarily binding upon the Federal court sitting in Porto Rico, such court should always carefully regard formal consents and admissions made in open court by the opposing counsel.

Opinion filed October 14, 1922.

*Mr. H. R. Francis* for plaintiff.

*Mr. J. Henri Brown* for defendant.

NOTE.—On right to continuance of trial to procure witness who is beyond the jurisdiction, see note in L.R.A.1918E, 527.

Del Moral v. Northern Assurance Co.

ODLIN, Judge, delivered the following opinion:

This case has a peculiar history. The trial commenced at Ponce in April of this year and after a number of witnesses had been sworn on behalf of the plaintiff, a member of the jury became ill. The trial was then suspended by consent for something like forty-eight hours in hopes that the juryman would recover. His illness however became more serious, and inasmuch as one counsel was not willing to proceed with ·eleven jurors, the court had no other alternative than to declare a mistrial and postpone the case until a later date, which was fixed for October 23d, 1922, by consent of all the counsel and the court.

One of the very important witnesses for the defendant is. the present judge of the district court at Mayaguez, who was prosecuting attorney at the time of the fire. This gentleman left the Island of Porto Rico in the month· of June on a leave of absence with his family· to visit old friends in Spain. It was expected by all the parties interested that he would return to Porto Rico before October 23d, 1922. It now appears that his leave of absence has been extended and that he will not return to Porto Rico until the latter part of November, 1922.

These facts constitute the principle basis for the motion for a continuance which has been argued before this court, supported by affidavit of counsel for the defendant. During the argument counsel for the plaintiff called the attention of the court to § 202 of the Code of Civil Proceeding, which reads as follows: "Sec. 202. A motion to postpone a trial on the ground of the absence of evidence can only be made upon af-

Del Moral v. Northern Assurance Co.

fidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party thereupon admits that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled and improper, the trial must not be postponed." [Compilation 1911, § 5186.]

And in connection with the argument by counsel for the plaintiff resisting the motion for postponement of the trial, it was stated that the counsel for plaintiff would consent at the coming trial, if the motion be denied, that the defendant might use before the jury all or any part of the testimony of the absent witness which he had given in either or both of two other trials against insurance companies arising out of the very same fire, which caused the loss, or alleged loss, forming the basis of the present suit.

Counsel for the defendant insists that this ruling of evidence created by the legislature of Porto Rico is not binding upon the Federal court and this court is of the opinion that that possibility is unquestionably correct. This court is also of the opinion that it is at liberty in matters of this kind to follow the local practice or to disregard it, but this court is equally convinced that the formal consent and admission made in open court before the judge by counsel for the plaintiff should operate as a denial of the motion filed by counsel for the defendant and, therefore, the motion is denied and it is ordered that the trial proceed at Ponce on October 23d, 1922, at 9:00 A. M. in accordance with the agreement reached last April.

Del Moral v. Northern Assurance Co.

To this ruling counsel for the defendant excepts.

Done and Ordered in open court this 14th day of October, 1922.